COLORADO DEVELOPMENT CO., Respondent, v. James M. CREER, Carl O. Nelson, and Flint C. Dixon, as the Board of Supervisors of the Utah County Drainage District No. 4, Appellants.

No. 5949.   Decided December 1, 1938.   (84 P. 2d 785.)

For former opinion, see 96 Utah 1, 80 P. 2d 914.

*Elias Hansen,* of Salt Lake City, and *R. W. McMullin,* of Payson, for appellants.

*W. Stanley Dunford* and *R. LeRoy Tuckett,* both of Provo, for respondent.

MOFFAT, Justice.

The opinion in this cause was handed down on the 28th day of June, 1938. Reported in 96 Utah 1, 80 P. 2d 914.

Appellants have filed what is entitled "Petition for Amending Opinion." The body of the petition, however, asks the court to grant a "rehearing or amend its opinion heretofore." In so far as the matter of amending the opinion is concerned, reference is made to certain language contained therein.

I. It is submitted the court erred in holding that the order of the court below does not require the supervisors of the Drainage District "to do no more than they have voluntarily heretofore done." Had counsel quoted the whole sentence and correlated it to the text of the opinion, the language would not have been construed as a holding of this court. Referring to appellants' contention that to require the Board of Supervisors to levy an assessment, as the trial court did, constituted a crime, this court's comment as to

that situation is: "In so far as the exercise of power goes, the court order (that is the order of the trial court) requires the supervisors to do no more than they have voluntarily done." This was a comment upon appellants' argument putting the acts sought to be performed and those already performed in the same category. Our comment in the opinion did not so classify them.

2. The other quoted language sought by the petition to be amended is:

"In the instant case their excuse is not a want of legal power, but a neglect or failure to do another act or acts in relation to duties required by law to vest them with that power."

Again the sentence is clear and its meaning unmistakeable when read as related to the text, and has reference to the nature of appellants' defense. The opinion (page 920, supra) after commenting upon the case of *Tanner* v. *Beers,* 49 Utah 536, 165 P. 465, wherein it was stated that neither the state engineer nor the court had the power to grant what plaintiff demanded, commented:

"Assuming a duly organized and officered drainage district to exist, the board of supervisors thereof is vested by law, unless the authorized powers have been exhausted, with the power to do what the court ordered."

Surely no one will question the correctness of that statement. Then follows the comment upon the nature of defendants'—appellants' defense, to the effect that what they are claiming in the instant case as an excuse for not doing what would be their powers had the drainage district been "duly organized and officered", was their own failure, according to their position, to do another act required of them by law to constitute the drainage district a duly officered district.

These are the matters referred to by way of desired amendment. We find no merit in the petition for amend-

ment or rehearing. All other matters referred to were considered and disposed of in the former opinion.

There is a typographical error in the report appearing on line 8, page 922, wherein the word "insufficient" should read "sufficient." This is in the summary, and should so read to be in harmony with the text of the opinion.

Petition is denied.

FOLLAND, C. J., and LARSON, and HANSON, JJ., concur.

WOLFE, Justice.

I dissent. I think a rehearing should be granted.